**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3947-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JESSE PENTLICKI a/k/a
JESSE A. PENTLICKI,

    Defendant-Appellant.

_____

Submitted March 26, 2020 – Decided May 4, 2020

Before Judges Alvarez and Suter.

On appeal from the State of New Jersey, Law Division, Cape May County, Accusation No. 16-01-0037 and Indictment No. 15-05-0421.

Joseph E. Krakora, Public Defender, attorney for appellant (Phyllis Widman, Designated Counsel, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Jesse Pentlicki, appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

I.

In March 2015, defendant presented a $100 bill to pay for food at a McDonald's in Wildwood, knowing it was counterfeit. On January 2, 2016, defendant presented a $50 bill for payment at a Wawa in Middle Township, Cape May County, knowing it was counterfeit.

Defendant was charged with third-degree uttering a forged instrument, N.J.S.A. 2C:21-1(a)(3), under indictment 15-05-00421-I for the offense in Wildwood. On January 11, 2016, he was charged under Accusation No. 16-01-00037-A with third-degree uttering a forged instrument, N.J.S.A. 2C:21-1(a)(3), for the offense in Middle Township. On the same day, defendant waived presentment of an indictment on the latter charge and pleaded guilty under a negotiated plea to both counts of uttering a forged instrument.

At the plea hearing on January 11, 2016, while under oath, defendant acknowledged he had an adequate opportunity to speak with his attorney and did not need more time. He said he was thinking clearly, had reviewed the plea forms with his attorney and was satisfied with the lawyer's advice. Defendant

indicated he read the accusation, understood it, and read, understood and discussed the waiver of indictment with his attorney. He denied being forced, threatened, pressured or coerced. The trial court asked defendant:

> Q. Now with regard to the other matter, . . . did you review all discovery associated with that accusation?
>
> A. Yes.
>
> Q. Did you review all discovery associated with indictment 15-05-421?
>
> A. Yes.

Defendant advised the trial judge he was pleading guilty because he was guilty.

Based on questioning by defense counsel, defendant provided a factual basis for the charges, admitting he purposely attempted to defraud McDonald's and Wawa. Defense counsel asked,

> Q. Now with respect to that accusation, Jesse, you did have an opportunity to review the discovery in that matter, correct?
>
> A. Yes.
>
> Q. But you understand what you did and you still wish to plead guilty, is that correct?
>
> A. Yes.

The trial court accepted defendants' guilty plea.

On March 4, 2016, defendant was sentenced, as recommended, to a term of four years in prison with a two-year period of parole ineligibility on the indicted charge and to a consecutive term of three years with a one-year period of parole ineligibility under the accusation. He was required to pay all mandatory fines and penalties. Other pending charges were dismissed.[1] Defendant did not file an appeal.

In November 2016, defendant filed a petition for PCR claiming ineffective assistance of counsel, claiming he had pleaded guilty under the accusation only nine days after his arrest when his attorney did not have any discovery or knowledge about whether he was guilty. PCR counsel filed a supporting brief alleging that plea counsel did not have a valid strategic reason for proceeding. PCR counsel argued the nine-day timeframe precluded defense counsel from properly reviewing the accusation. He contended defendant was confused at the plea hearing, answered questions with "what you were supposed to answer" and "was [not] paying attention and was [not] listening."

---

[1] These included: third-degree burglary, N.J.S.A. 2C:18-2, and third-degree theft, N.J.S.A. 2C:20-3(a), under indictment 15-03-0224-I; third-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2), third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) and third-degree possession of prescription legend drugs, N.J.S.A. 2C:35-10.5(a), which charges were unindicted and pending.

A-3947-17T1

Defendant's PCR petition was denied. The PCR judge found defendant,

> admitted that he understood the allegations in the accusation, he reviewed the accusation, agreed to waive the presentment with counsel, he understood the charges, and the [trial] [c]ourt found that they were knowing and voluntary with regard to surrendering the presentment or waiving the presentment to the grand jury as well as reviewing any discovery associated with those two matters . . . .

The PCR court noted there were five open cases against defendant at the time when he pleaded guilty and the State was seeking to increase his bail. It noted defendant faced the potential of consecutive sentences on each of the charges.

The PCR court found defendant had not shown error in the professional judgment of his plea counsel, did not show he was prejudiced and denied defendant's request for an evidentiary hearing because defendant had not shown a prima facie case of ineffective assistance of counsel.

On appeal, defendant raises this issue:

> MR. PENTLICKI IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO COMMUNICATE ADEQUATELY, REVIEW DISCOVERY AND ENSURE THAT HE UNDERSTOOD HIS PLEA.

## II.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In the plea bargain context, "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial[,]'" State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)), and that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

A-3947-17T1

Defendant claims his attorney did not have time to adequately review discovery with him, investigate the charges or properly advise him about the plea. His argument relies entirely on the short amount of time (nine days) between his arrest under the accusation (January 2, 2016) and his guilty plea (January 11, 2016).

His arguments are inconsistent with what he told the trial court when he pleaded guilty. Defendant expressly advised the court he reviewed discovery, understood all the charges, was not forced to plead guilty, understood what he was doing and was not being forced or coerced.

At the time when he pleaded guilty, defendant was facing five other charges. If convicted, he could have been sentenced to substantially more time in prison and could have been sentenced consecutively on unrelated charges. Therefore, the PCR court had a sufficient basis for concluding defendant's counsel made a strategic decision that would lessen defendant's sentencing exposure when she advised him relative to the plea. See State v. Nash, 212 N.J. 518, 542 (2013) (providing that "[m]ere dissatisfaction with a "counsel's exercise of judgment" is insufficient to warrant overturning a conviction") (quoting State v. Echols, 199 N.J. 344, 358 (2009)).

Where failure to investigate is alleged, defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Here, although defendant argued the charges in the accusation were not investigated by his counsel before he pleaded guilty, he did not assert what needed to be investigated. He did not claim what would be revealed by an investigation. He did not argue that in the absence of the alleged error by counsel, he would not have pleaded guilty and would have proceeded to trial on all the charges. Defendant's claims were supported only by self-serving assertions and bare allegations which is not adequate for PCR relief. See id. at 170 ("[A] petitioner must do more than make bald assertions that he was denied the effective assistance of counsel.").

The PCR court had ample reason to conclude defendant did not show he was prejudiced. These were his seventh and eighth indictable convictions and unrelated charges were dismissed as part of the agreement.

The PCR court did not abuse its discretion in concluding an evidentiary hearing was not warranted because defendant failed to show a prima facie claim

of ineffectiveness of trial counsel within the <u>Strickland-Fritz</u> test. <u>See</u> <u>State v. Preciose</u>, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3947-17T1